MILLER & CHEVALIER CHARTERED
Barry J. Pollack
Charles F. B. McAleer, Jr.*
Jonathan D. Kossak*
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005-5701
Tel:   (202) 626-5800
Fax:   (202) 626-5801

* *Pro Hac Vice Application Pending*

*Attorneys for Mr. Dennis D'Alessandro*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | Case No. 12-12321 (MG) |
| DEWEY & LEBOEUF LLP, | Chapter 11 |
| Debtor. | |

---------------------------------------------------------------x

| | |
|---|---|
| ALAN M. JACOBS, as Liquidating Trustee of The Dewey & LeBoeuf Liquidation Trust, | Adversary No. 14-01919 |
| Plaintiff, | |
| v | . |
| DENNIS D'ALESSANDRO, | |
| Defendant. | |

---------------------------------------------------------------x


**DEFENDANT DENNIS D'ALESSANDRO'S REPLY TO THE LIQUIDATING
TRUSTEE'S RESPONSE TO MR. D'ALESSANDRO'S MOTION
<u>TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................1

I.   LEGAL STANDARD -- STATUTORY AND NON-STATUTORY INSIDER
     STATUS ................................................................................................................................3

II.  ANALYSIS ............................................................................................................................4

     A.   The FAC Fails Adequately to Allege that Mr. D'Alessandro Was
          Either a Statutory or a Non-statutory D&L Insider ...........................................4

          1.   *The FAC Fails Adequately to Allege that Mr. D'Alessandro Was a
               Statutory Insider of D&L* ..................................................................................4

          2.   *The FAC Fails Adequately to Allege that Mr. D'Alessandro Was a
               Non-Statutory Insider of D&L* ..........................................................................5

     B.   Because the FAC Has Not Adequately Alleged that Mr. D'Alessandro
          Was an Insider, Claims I through V Must Be Dismissed ..................................8

     C.   Even if the FAC Adequately Alleged that Mr. D'Alessandro Was an
          Insider, the FAC's § 547 Claim (Claim I) Must Be Dismissed .........................9

III. THE TRUSTEE SHOULD BE ESTOPPED FROM ARGUING THAT THE
     DEBTOR WAS INSOLVENT PRIOR TO 2010, OR AT THE VERY
     LEAST, 2009 ........................................................................................................................9

CONCLUSION ..........................................................................................................................10

1444549.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 455 CPW Assocs.*,
 225 F.3d 645 (2d Cir. 2000) ................................................................................................3

*In re 455 CPW Assocs.*,
 No. 99-5068, 2000 U.S. App. LEXIS 23470 (2d Cir. Sept. 14, 2000) .................................3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .............................................................................................................7

*Capmark Fin. Group Inc. v. Goldman Sachs Credit Partners L.P.*,
 491 B.R. 335 (S.D.N.Y. 2013) ................................................................................... 3, 5, 11

*In re Enron Corp.*,
 357 B.R. 32 (Bankr. S.D.N.Y. 2006) ..................................................................................10

*Hirsch v. Arthur Andersen & Co.*,
 72 F.3d 1085 (2d Cir. 1995) .................................................................................................5

*In re Jones Truck Lines, Inc.*,
 130 F.3d 323 (8th Cir. 1997) ..............................................................................................10

*In re Ruffini*,
 No. 11-78841-reg, 2014 Bankr. LEXIS 733 (Bankr. E.D.N.Y. Feb. 25, 2014) ...................8

*Santomenno v. Transamerica Life Ins. Co.*,
 No. CV 12-02782, 2013 U.S. Dist. LEXIS 22354 (C.D. Cal. Feb. 19, 2013) ......................7

*In re Sharp Int'l Corp.*,
 403 F.3d 43 (2d Cir. 2005) ...................................................................................................6

*Stratton Oakmont, Inc. v. Porush (In re Sec. Inv. Protection Corp.)*,
 234 B.R. 293 (Bankr. S.D.N.Y. 1999) ................................................................................10

*TLC Merch. Bankers, Inc. v. Brauser*,
 No. 01 Civ. 3044 (GEL), 2003 U.S. Dist. LEXIS 3564 (S.D.N.Y Mar. 11,
 2003) ...................................................................................................................................10

*In re U.S. Medical, Inc.*,
 531 F.3d 1272 (10th Cir. 2008) ................................................................................. passim

*In re Velo Holdings, Inc.*,
 472 B.R. 201 (Bankr. S.D.N.Y. 2012) ..................................................................................3

**Statutes**

11 U.S.C. § 101(31)(C) ..................................................................................................3

11 U.S.C. § 547 .......................................................................................................2, 10

**Other Authorities**

Fed. R. Bankr. P. 7012(b) ...............................................................................................1

**INTRODUCTION**

Defendant Dennis D'Alessandro, by and through his counsel, respectfully submits this Reply to the Liquidating Trustee's Response to Mr. D'Alessandro's Motion to Dismiss ("MTD") the First Amended Complaint ("FAC") pursuant to Fed. R. Bankr. P. 7012(b) for failure to state a claim. In his MTD, Mr. D'Alessandro argues that much of the FAC should be dismissed because it fails adequately to plead that Mr. D'Alessandro was an "insider" of the Debtor, Dewey & LeBoeuf LLP ("D&L"). In response, the Trustee argues that insider status is a question of fact that cannot be decided at this stage. However, Mr. D'Alessandro's argument is not based on a factual dispute but rather derives from a fundamental absence of well-pled facts to support the Trustee's claims, constituting a failure as a matter of law. Specifically, Mr. D'Alessandro contends that, as a matter of law, an employee who has no inherent authority but is delegated corporate functions by someone with unqualifiable authority to dictate the firm's corporate policies cannot himself be a statutory insider – the delegatee merely carries out the wishes of the delegator insider. The D&L partnership agreement ("DLPA"), referenced in the FAC,[1] indisputably bestowed on the firm's Executive Committee and its Chairman actual legal authority to manage the firm, making them statutory insiders under the Bankruptcy Code. In contrast, the FAC lacks any non-conclusory allegation that Mr. D'Alessandro, who was not a D&L partner, much less a member of its Executive Committee, possessed direct (non-delegated) authority to control the firm. Consequently, the FAC fails adequately to allege that Mr. D'Alessandro was a statutory insider.

Nor does the FAC properly allege that Mr. D'Alessandro was a non-statutory insider. To do so, the FAC would have to allege that Mr. D'Alessandro had a close relationship with those

---

[1] *See* MTD at 3 n.2 & Ex. B.

1444549.1

persons who had actual control over the firm, *i.e.*, its Executive Committee or Steven Davis, D&L's former Chairman. But the FAC does not allege that Mr. D'Alessandro had any relationship with D&L's Executive Committee or its Chairman when he entered into his employment agreement with the firm or later, much less a close one. The FAC could also allege non-statutory insider status by alleging that Mr. D'Alessandro was engaged in self-dealing or enriched himself based on inside information. The FAC does not do so. Thus, the Trustee is left to argue that the FAC properly alleges Mr. D'Alessandro was a non-statutory insider because the terms of Mr. D'Alessandro's employment contract were so advantageous to him that they could not have been the result of arms-length negotiations. But the FAC fails to allege contract terms that support, let alone compel, that conclusion. *See In re U.S. Medical, Inc.*, 531 F.3d 1272, 1280 (10th Cir. 2008) (non-statutory insider must have a relationship with the debtor that is so close that it compels the conclusion of an advantage). Rather, the FAC itself acknowledges that based on the facts it alleges, the contract may not have been the sham product of a non-arm's length negotiation, but rather simply a contract that over-compensated Mr. D'Alessandro. Raising the speculative possibility of a sham deal does not equate to alleging plausibly that the terms of Mr. D'Alessandro's contract compels the conclusion that the contract was executed in bad faith, rather than at arm's length. Therefore, the FAC fails adequately to allege that Mr. D'Alessandro was a non-statutory insider.

Because the FAC fails adequately to allege Mr. D'Alessandro was a D&L insider, the Trustee's FAC must be dismissed. Further, even if the FAC did so, the Trustee's preference claim (Claim I) under 11 U.S.C. § 547 would still need to be dismissed because Mr. D'Alessandro received his employment compensation in a contemporaneous exchange with D&L. Finally, the Trustee should be judicially estopped from alleging that D&L was insolvent

1444549.1

prior to 2010 because he cannot plausibly make such an allegation in light of the Debtor's testimony during the PCP hearings. *See* MTD at 24-25.

I. **LEGAL STANDARD -- STATUTORY AND NON-STATUTORY INSIDER STATUS**

The Trustee's Response muddles the distinction between statutory and non-statutory insider status. Under the Bankruptcy Code, statutory insiders of partnerships (as D&L was) are those categories of persons who are identified under 11 U.S.C. § 101(31)(C). Here, the only statutory category that could apply to Mr. D'Alessandro is that of a "person in control of the debtor." *Id.* § 101(31)(C)(v). A non-statutory insider is one who "has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms length with the debtor." *Capmark Fin. Group Inc. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 351 (S.D.N.Y. 2013) (internal quotation marks omitted).

What separates a statutory insider from a non-statutory insider is the existence of actual control, defined as "the ability of the creditor to 'unqualifiably dictate corporate policy and the disposition of corporate assets,' or the 'legal right or ability to exercise control over a corporate entity.'" *In re U.S. Medical, Inc.*, 531 F.3d at 1279; *see also In re Velo Holdings, Inc.*, 472 B.R. 201, 208 (Bankr. S.D.N.Y. 2012). Statutory insiders have actual control whereas non-statutory insiders exercise their control informally through close relationships with the debtor. Actual control is not delegated. As stated by the Second Circuit in *In re 455 CPW Assocs.*, No. 99-5068, 2000 U.S. App. LEXIS 23470, at *18 (2d Cir. Sept. 14, 2000), an employee whose "responsibility was 'delegated' to him by someone else," is not considered to have actual control over a business, but rather is "one who exercise[s] and function[s] pursuant to someone else who is in control." *Id.* (summary order accompanying *In re 455 CPW Assocs.*, 225 F.3d 645 (2d Cir. 2000)) (internal quotation marks omitted). Statutory insiders "give rise to a 'conclusive

3

presumption' that they have . . . [a close] relationship [with the debtor] whereas non-statutory insiders must have a relationship that 'compels the conclusion' that a creditor and a debtor are 'close enough to gain an advantage attributable simply to affinity rather than to the course of dealings between the parties.'" *In re U.S. Medical, Inc.*, 531 F.3d at 1280 (quoting *In re Kunz*, 489 F.3d 1072, 1079 (10th Cir. 2007).

## II. ANALYSIS

### A. The FAC Fails Adequately to Allege that Mr. D'Alessandro Was Either a Statutory or a Non-statutory D&L Insider

In response to Mr. D'Alessandro's MTD, the Trustee identifies five allegations in the FAC that he argues indicate Mr. D'Alessandro's insider status. *See* Response at 3-4. The first three examples – that Mr. D'Alessandro allegedly controlled the disposition of firm assets, set firm policy, and controlled personnel decisions – are claims that bear on Mr. D'Alessandro's legal authority to exercise control over D&L and thus relate to his statutory insider status. The fourth and fifth examples – that Mr. D'Alessandro allegedly was able to secure payment prior to other creditors, and had inside information about D&L's finances – are claims that bear on the nature of his relationship with D&L's managers and thus relate to his non-statutory insider status. However, none of these allegations indicate statutory or non-statutory insider status when considered in conjunction with the FAC's other allegations and dependent documents.

1. *The FAC Fails Adequately to Allege that Mr. D'Alessandro Was a Statutory Insider of D&L*

The Trustee argues that the issue of control is a question of fact that cannot be decided at the motion to dismiss stage. However, Mr. D'Alessandro bases his argument on facts that are alleged in the FAC or established by documents the Court may consider in resolving the MTD. The DLPA endowed the firm's Executive Committee, composed of a select group of the firm's partners, with the power to manage the firm, DLPA § 4.3; charged the Chairman of the firm

4

(Davis) directly with the responsibility "for the day-to-day management of the business," DLPA § 4.6(a); and permitted Davis to further delegate certain aspects of his day-to-day managerial responsibility to non-legal executives and administrators to assist him in carrying out his duties, DLPA § 4.9(a).

Thus, the Trustee's conclusory allegations that Mr. D'Alessandro had and exercised actual control over the firm are simply contradicted by the FAC's more specific allegations that Davis and the Executive Committee had actual control over the firm. The Second Circuit, in *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir. 1995), concluded that the plaintiff trustee's general allegations of control in his complaint could not be credited and were contradicted by the more specific allegations that the defendants were simply professionals who the generalist business executives (*i.e.*, the real insiders) had hired to handle the specialized areas of activity about which the business executives were not skilled or knowledgeable. *Id*. at 1095. Accordingly, the Second Circuit affirmed not only the dismissal of the complaint, but also the district court's refusal to grant the trustee leave to amend. Likewise, here, where the Trustee's own allegations and dependent documents demonstrate that Mr. D'Alessandro had no actual control over D&L, but was simply delegated authority by Davis, the Trustee did not and cannot plausibly allege that Mr. D'Alessandro was a statutory insider of the debtor. There is no issue of fact. Rather, the FAC is legally deficient and must be dismissed.

2. *The FAC Fails Adequately to Allege that Mr. D'Alessandro Was a Non-Statutory Insider of D&L*

Nor has the Trustee adequately alleged that Mr. D'Alessandro was a non-statutory insider. "Plaintiffs cannot save their non-statutory insider claim[s] by arguing that non-statutory insider status requires a fact-intensive inquiry that is ordinarily not resolvable on a motion to dismiss." *Capmark*, 491 B.R. at 352 (internal quotation marks omitted). Instead, the FAC must

1444549.1

allege facts that Mr. D'Alessandro had a relationship with D&L "that '*compels the conclusion*' that [he] and [the] debtor [were] 'close enough to gain an advantage attributable to simple affinity rather than to the course of dealings between the parties.'" *In re U.S. Medical, Inc.*, 531 F.3d at 1280 (quoting *Kunz*, 489 F.3d at 1079) (emphasis added).

Here, there is no allegation in the FAC that there was a close relationship or special affinity between Mr. D'Alessandro and anyone at D&L who had actual control of the debtor. This failure stands in stark contrast to the allegations made by the Trustee in the FAC filed against DiCarmine and Sanders.[2] In that adversary proceeding, the Trustee alleged that both DiCarmine and Sanders had a "close association with Davis." DiCarmine & Sanders FAC ¶ 140.

The Trustee argues that the special affinity is implied by the allegations that Mr. D'Alessandro received his compensation while other creditors did not and that he had access to inside information. Response at 4. Neither of those allegations reflects non-statutory insider status. First, the allegation that Mr. D'Alessandro received compensation ahead of other creditors, standing alone, does not establish a non-arm's length transaction. *See In re Sharp Int'l Corp.*, 403 F.3d 43, 54 (2d Cir. 2005) ("[A] mere preference between creditors does not constitute bad faith."). Second, there is no allegation in the FAC that Mr. D'Alessandro used any inside information he allegedly had about D&L's financial position to enrich himself. *See In re U.S. Medical, Inc.*, 531 F.3d at 1280-81 (the defendant board member was not a non-statutory insider based on his access to inside information where the defendant did not use the information to enrich himself). Unlike the Trustee's allegations against DiCarmine and Sanders, where the Trustee alleges they "paid *themselves* significant 'discretionary bonuses,' granted *themselves* 'letters of credit' and arranged for payments to be made to 'trusts' for their benefit," DiCarmine

---

[2] *Jacobs v. DiCarmine & Sanders*, Adv. Pro. No. 13-01765 (MG), First Amended Complaint (June 9, 2014) (DE 21) ["DiCarmine & Sanders FAC"].

1444549.1

& Sanders FAC ¶ 58 (emphasis added), the FAC does not allege that Mr. D'Alessandro engaged in self-dealing. Instead, the FAC admits that Mr. D'Alessandro retired from his position as COO when D&L was financially struggling and took reduced compensation when the firm asked him to stay on as a consultant. FAC ¶ 82.[3]

The Trustee's primary argument in support of characterizing Mr. D'Alessandro as a non-statutory insider is that Mr. D'Alessandro's employment contract, signed in August 2007, allegedly contained such favorable terms that the contract could not be the product of an arms-length deal and was in fact executed in bad faith.[4] Response at 9. But the FAC itself concedes that the employment agreement does not compel this conclusion – "At best, the D'Alessandro Contract was an unusual and extraordinary compensation arrangement. . . . At worst, [it] was an outright sham arranged to enrich Defendant at the expense of the Debtor and its creditors." FAC ¶ 76. Since the Trustee himself is unwilling to conclude that the contract in fact was a sham (*i.e.*, made in bad faith rather than through arm's length negotiation),[5] as opposed to alleging that at worst it might have been, it is apparent that the facts alleged in the FAC do not compel such a conclusion. Thus, the FAC fails to allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[3] Ironically, the same factors the Trustee uses to argue that Mr. D'Alessandro was an insider from 2008-2011 (title, pay), are the same factors that the Trustee admits changed after Mr. D'Alessandro retired. Thus, if the Court decides nothing else at this stage, it should at least conclude that Mr. D'Alessandro was not a D&L insider during his twelve-month consultancy.

[4] "An arm's-length transaction is '[a] transaction in good faith in the ordinary course of business by parties with independent interests. . . .'" *In re U.S. Medical, Inc.*, 531 F.3d at 1277 n.4 (quoting Black's Law Dict. 109 (6th ed. 1990)); *see also Santomenno v. Transamerica Life Ins. Co.*, No. CV 12-02782, 2013 U.S. Dist. LEXIS 22354, at *19-22 & n. 3 (C.D. Cal. Feb. 19, 2013) (characterizing "arms length," transactions as "adversarial negotiations between parties that are each pursuing independent interests").

[5] In fact, the Trustee admits that Mr. D'Alessandro has never been accused by the Debtor of having engaged in wrongdoing. Response at 5.

According to the FAC itself, it is not plausible that the alleged facts compel the conclusion that Mr. D'Alessandro's contract was not negotiated at arm's length.

### B. Because the FAC Has Not Adequately Alleged that Mr. D'Alessandro Was an Insider, Claims I through V Must Be Dismissed

FAC Claims I, IV, and V, can only succeed if Mr. D'Alessandro was an insider, because being an insider is an express element of each of those claims. *See* FAC ¶¶ 86-95; 112-126. Because, as explained above, the FAC fails adequately to allege that Mr. D'Alessandro was a D&L insider for purposes of Claims I, IV and V, those claims must be dismissed.

But the FAC's failure adequately to allege insider status for Mr. D'Alessandro is also fatal to Claims II and III. Mr. D'Alessandro has argued that those claims must be dismissed because the FAC does not adequately allege that Mr. D'Alessandro received employment compensation without providing in exchange "fair consideration" and "reasonably equivalent value," each essential elements of the respective claims. MTD at 22-24. Mr. D'Alessandro argued that for the Trustee to succeed on his "reasonably equivalent value" and "fair consideration" claims, the Trustee must allege sufficient facts to permit the Court to "compare what was given with what was received." *In re Ruffini*, No. 11-78841-reg, 2014 Bankr. LEXIS 733, at *22 (Bankr. E.D.N.Y. Feb. 25, 2014); *see* MTD at 22-23. In response, the Trustee argues only that the FAC's insider allegations automatically render the compensation transfers lacking in reasonably equivalent value and fair consideration. Response at 8-9, 11. Thus, the Trustee concedes that Claims II and III, which do not require that Mr. D'Alessandro be an insider, are nevertheless dependent on Mr. D'Alessandro's insider status.[6] Because the FAC fails adequately to allege that Mr. D'Alessandro was an insider, Claims II and III must be dismissed as well.

---

[6] The same is true for Mr. D'Alessandro's "ordinary course of business" arguments. *See* MTD at 20-22; 23-24.

8

### C. Even if the FAC Adequately Alleged that Mr. D'Alessandro Was an Insider, the FAC's § 547 Claim (Claim I) Must Be Dismissed

The Trustee's response to Mr. D'Alessandro's "contemporaneous exchange of value," defense under 11 U.S.C. § 547(c) to FAC Claim I, *see* MTD at 18-20, is that the defense requires a showing of "intent," which is traditionally a fact question. Response at 8. But the courts have established a rebuttable presumption that "the value of employee services is presumed to equal the wages and benefits the employer contracted to pay," regardless of the employee's insider status. *In re Jones Truck Lines, Inc.*, 130 F.3d 323, 328 & n.4 (8th Cir. 1997); *see also* MTD 18-20. The FAC fails to rebut this presumption – it contains no allegation that in the year preceding the Petition date, D&L paid Mr. D'Alessandro (with regularity) for anything other than the services he provided as a consultant. *See* MTD at 19-20. The Trustee ignores the rebuttable presumption altogether, citing a series of cases, *In re Enron Corp.*, 357 B.R. 32 (Bankr. S.D.N.Y. 2006), *Stratton Oakmont, Inc. v. Porush (In re Sec. Inv. Protection Corp.)*, 234 B.R. 293 (Bankr. S.D.N.Y. 1999) and *TLC Merch. Bankers, Inc. v. Brauser*, No. 01 Civ. 3044 (GEL), 2003 U.S. Dist. LEXIS 3564 (S.D.N.Y Mar. 11, 2003), which are inapposite because the contemporaneous exchange defense was not raised in those cases. Moreover, the Trustee fails in his Response to distinguish the cases cited by Mr. D'Alessandro in his MTD demonstrating that the contemporaneous exchange is available even if the defendant is an insider. Thus, even if the FAC adequately alleges that Mr. D'Alessandro was an insider, the contemporaneous exchange affirmative defense defeats the FAC's § 547 claim (Claim I).

### III. THE TRUSTEE SHOULD BE ESTOPPED FROM ARGUING THAT THE DEBTOR WAS INSOLVENT PRIOR TO 2010, OR AT THE VERY LEAST, 2009

The Trustee's response to Mr. D'Alessandro's judicial estoppel argument regarding the insolvency question misses the mark. "Judicial estoppel does not require that a court expressly

9

1444549.1

assume a party's position in formulating its opinion . . . . It is enough that the court accept the accuracy of a party's representation and that the court 'might have' made a different decision had the party not taken that position." *Capmark*, 491 B.R. at 353. There is no dispute that during the PCP hearing, the Debtor's witnesses testified and the Court found that "'there was strong evidence to support the assertion that the Debtor was insolvent in 2012, but insolvency would be more difficult to prove for 2011, and even harder for 2010.'" Response at 12 (quoting PCP Decision [Main Dkt. 538] at 23). The Trustee also admits that "the Court weighed the *uncertainty* regarding the insolvency as a factor in favor of approving the compromise. . . ." *Id*. at 13. Given that the Court accepted the accuracy of the Debtor's position on the estimated date of insolvency, it would appear that the Court gave great weight to the notion that D&L was insolvent in 2012 and gave progressively less weight to the notion that D&L was insolvent in earlier years, to the point that the Court appears to have accepted that it would implausible for the Debtor to prove insolvency in 2009 and 2008, a position neither the Debtor nor the witnesses it sponsored even advanced. If the Debtor had suggested during the PCP hearings that it was plausible that D&L's insolvency extended back to 2009 and 2008, the Court might not have approved the settlement on the agreed upon terms. The principles of judicial estoppel therefore warrant the conclusion that the Trustee should be estopped from alleging that the date of insolvency extended back to 2008 and 2009.

## **<u>CONCLUSION</u>**

For the foregoing reasons and those articulated in his MTD, Mr. D'Alessandro respectfully requests that the FAC be dismissed in its entirety.

10

Dated: August 22, 2014                              Respectfully Submitted,


                                                    /s/ Barry J. Pollack
                                                         Barry J. Pollack
                                                    Charles F. B. McAleer, Jr.*
                                                    Jonathan D. Kossak*
                                                    655 Fifteenth Street, N.W., Suite 900
                                                    Washington, D.C. 20005-5701
                                                    Tel:    (202) 626-5800
                                                    Fax:    (202) 626-5801

                                                    *Pro Hac Vice Application Pending*

                                                    *Attorneys for Mr. Dennis D'Alessandro*

## CERTIFICATE OF SERVICE

Barry J. Pollack, a member in good standing of the Bar of the State of New York, hereby certifies under penalty of perjury that on August 22, 2014, he caused true and correct copies of the Defendant's Reply to the Liquidating Trustee's Response to Mr. D'Alessandro's Motion to Dismiss the First Amended Complaint to be served on Plaintiff's counsel by electronic mail at the following addresses:

adiamond@diamondmccarthy.com
akim@diamondmccarthy.com
cmurray@diamondmccarthy.com
aryan@diamondmccarthy.com
mfishel@diamondmccarthy.com

Dated: August 22, 2014

/s/ Barry J. Pollack
Barry J. Pollack
Miller & Chevalier Cht'd
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005-5701
Tel:   (202) 626-5800
Fax:   (202) 626-5801
bpollack@milchev.com

*Attorney for Mr. Dennis D'Alessandro*